# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1524

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff-Appellee,　　　　*
　　　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　v.　　　　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　　　*　　District of Nebraska.
Elliot John Hawkins,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　　**[UNPUBLISHED]**
　　　　　　Defendant-Appellant.　　　　*

_____

Submitted:  October 7, 2002

Filed:  November 21, 2002

_____

Before MCMILLIAN, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Elliot John Hawkins pled guilty of violating 18 U.S.C. § 472 for the possession, with intent to pass, of counterfeited United States currency in the amount approximating $12,000.  Three other co-defendants were indicted in related cases. During Hawkins' sentencing hearing, the Government alleged Hawkins had obstructed justice by threatening potential Government witnesses, including two of his co-defendants.  The district court,[1] pursuant to United States Sentencing

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

Guidelines § 3C1.1, found that the Government had shown by a preponderance of the evidence that Hawkins had obstructed justice and, therefore, assessed a 2-level sentence enhancement. He was sentenced to fifteen months imprisonment, followed by two years of supervised release. Hawkins appeals, urging that the district court should not have assessed the 2-level enhancement and, in fact, should have granted him a 2-level reduction for acceptance of responsibility. We review the district court's findings of fact for clear error. 18 U.S.C. § 3742(e). See also United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (A district court's findings as to the credibility of a witness are "virtually unreviewable on appeal.").

During Hawkins' sentencing hearing, the evidence revealed Hawkins learned in early 2000 that the Secret Service was investigating his case and had been in contact with his co-conspirators.[2] An acquaintance of Mr. Hawkins, Schuyler Tafoya, testified that shortly after learning of the investigation, Hawkins began talking to him about his co-conspirators' conversations with the Secret Service. Tafoya testified that at one point in their conversations, Hawkins told him someone should "kill that . . . snitch Worley." Tafoya also testified that Hawkins knew Tafoya to be a drug dealer with connections in Kansas City. The following year, after co-defendant Fischer had been indicted, Hawkins again spoke with Tafoya. Tafoya testified that during this conversation, Hawkins implied that he would like Tafoya to arrange to have Fischer killed. Tafoya claimed Hawkins offered to give Tafoya an eight-unit apartment building in Omaha and to help him attain his used car dealer's license. Tafoya testified he agreed to think about the offer but was arrested later that month on federal drug charges. The Government offered the testimony of co-defendant, Kevin Jasa, as corroboration. Jasa testified that he met Tafoya in jail and Tafoya told him of Hawkins' attempts to have Fischer killed. Josh Fischer also testified that on several occasions Hawkins told him it would be better if Jasa were dead and that neither he

_____

[2]Hawkins' co-conspirators included Kevin Jasa, Joshua Fischer, and James Worley.

-2-

nor Fischer would be in trouble if Jasa could not testify against them. Hawkins has admitted talking to Tafoya about managing an eight-plex apartment building, but he denies any intention to threaten anyone.[3]

Hawkins argues the testimony given shows his statements were at best ambiguous. He argues his statements were just his way of "blowing off steam." The Government responds by asserting that it takes very little for something to constitute an attempt to obstruct justice. See United States v. Capps, 952 F.2d 1026, 1028-29 (8th Cir. 1991) (finding that a defendant's comments that a snitch should have his "ass kicked" by a biker, combined with talking to the biker about the snitch were sufficient to form obstruction of justice). Hawkins also urges that none of his "threats" were direct or intended to reach the potential witness. Despite this urging, the district court found by a preponderance of the evidence that Hawkins had obstructed justice sufficient to meet U.S.S.G. § 3C1.1.

After reviewing the record before us, the briefs submitted to this court on appeal, and the decision of the district court, we conclude that the district court did not commit clear error in assessing a 2-level enhancement for obstruction of justice. Furthermore, the Guidelines are clear that, absent extraordinary circumstances, if a defendant is given the obstruction of justice enhancement under U.S.S.G. § 3C1.1, he is not eligible for the 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We see no evidence that Hawkins' situation was so extraordinary that he was deserving of a 2-level reduction despite his enhancement for obstruction

---

[3]Application note 4 of U.S.S.G. § 3C1.1 provides a non-exhaustive list of the types of conduct that fall into the category of obstruction of justice. This list includes "(a) threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so . . . ." This court has found that any statements the Government uses in alleging that a threat was made must not be ambiguous. United States v. Emmert, 9 F.3d 699, 704-05 (8th Cir. 1993).

of justice. Accordingly, it was also not clear error for the district court to deny Hawkins' request for a 2-level reduction. The judgment, conviction, and sentence of the district court are affirmed.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.